# Rowan v. Gates

In a proceeding before a Justice of the Peace, under the Act of December 14, 1863, and its supplements, by a landlord against a tenant, to recover possession of the leased premises at the expiration of the term, the complaint cannot be made before one Justice and the subsequent proceedings had before another. In such a case the second Justice has no jurisdiction. The whole proceeding must be had before the same Justice.

Under the Act of December 14th, 1863, and its supplement, (Act of February 20th, 1867,) in a proceeding by a landlord against a tenant, to obtain possession at the end of a term, the complaint should aver and upon due proof, the Justice should find and set out on his record the following statement of facts: (a) That the lessor was quietly and peaceably possessed of the premises. (b) That he demised the same to the tenant, or someone under whom the tenant claimed. (c) That the term for which the premises were demised is fully ended; and (d) That the tenant had three months' notice to quit.

JURISDICTION OF J. P.—LANDLORD AND TENANT PROCEEDINGS TO RECOVER POSSESSION—MATERIAL AVERMENTS IN COMPLAINT—REQUISITES OF RECORD.

Certiorari.

No. 82, Aug. T., 1899.  C. P. Centre County.

Reeder & Quigley for Certiorari.

Taylor & Johnson for Defendant in error.

Opinion by LOVE, P. J., August 27th, 1900.

## OPINION:

"This is a certiorari to the proceedings of a Justice of the Peace. The exceptions to the record are, that under the pleadings and facts in the case, the Justice had no jurisdiction. The proceeding was under the Act of December 14th, 1863, and its supplements, to recover possession of certain premises alleged to have been leased to the plaintiffs in error and whom, it is alleged, were holding over their term. The said Act provides that where any person or persons, having leased or demised any lands or tenements to any person or persons for a term of one or more years or at will, should be desirous, upon the termination of said lease, to have again and repossess such demised premises, having given three months' notice of such intention to his lessee or tenant and said lessee or tenant shall refuse to

Rowan v. Gates.

leave and surrender up said premises, at the expiration of the said term, in compliance with the said notice, it shall be lawful for the said lessor, his agent or attorney to complain thereof to any Justice of the Peace in the City, Borough or County wherein the demised premises lie, whose duty it shall be to summon the defendant to appear at a day fixed as in other civil cases. And upon due proof being made, the tenant having notice of the time and place of hearing, that the said lessor was quietly and peaceably possessed of the land or tenements so required to be surrendered up, and that he demised the same to the tenant in possession or to some other person under whom such tenant claimed, and that the term for which the same were demised was fully ended and that three months' previous notice had been given of his desire to repossess the same, then and' in that case if it shall appear right, etc."

Under this Act it was held, that none but the immediate lessor could recover possession under its provisions. The Act of February 20th, 1867, extended its provisions to apply to cases where the owner or owners of the demised premises have acquired title thereto by descent or purchase, from the original lessor or lessors.

It will be readily seen that the provisions of the Act make the complaint the foundation or beginning of the action. It is to be made before a Justice. Then the Act provides, "It is the duty of the Justice before whom complaint is made to summon the defendant, etc." There is no authority under the Act to make complaint before one Justice and take it to another, and the second Justice to summon the defendant thereon.

The Act is special and must be strictly construed and complied with. It requires the Justice to find certain facts upon due proof.

1st. That the lessor was quietly and peaceably possessed of the premises.

2d. That he demised the same to the tenant in possession, or some other person under whom the tenant claims and that the term for which they were demised was fully ended, and that

Rowan v. Gates.

the tenant had three months' previous notice of his desire to repossess the same.

Upon the examination of this record we find no complaint before the Justice, who issued the summons and heard the case.

The complaint as appears from the record, does not state that the lessor was quietly and peaceably possessed of the prem-ises, nor that he devised them to the defendant; nor does the proof of facts. The plaintiff below claimed under the will of George Gates. The record does not show when the alleged ten-ants went into possession, or when the term began. The com-plaint alleges that three months' previous notice was given; but the proof and facts as they appeared before the Justice failed to support the allegations set out in the complaint. In the case of Given v. Miller et al., 62 P. S., 133, defines the duty of Jus-tices and the facts that must be found and appear on record in order to sustain the judgment under the provisions of said Act.

For the foregoing reasons and under the authorities, we must sustain the exceptions and reverse the judgment, as the record is fatally defective.

. And now, Aug. 27th, 1900, judgment reversed and proceed-ings set aside at cost of defendant in error.

Reported by James A. B. Miller, Esq.,
Bellefonte, Pa.